UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>             Petitioner,<br><br>     v.<br><br>KAMALA D. HARRIS, et al.,<br><br>             Respondents. | No.  2:16-cv-1790 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with this action pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Petitioner, a "Three Strikes" inmate under 28 U.S.C. § 1915(g)[1], has styled his complaint as a petition for writ of habeas corpus.  However, the petition alleges staff misconduct and does not concern petitioner's conviction or sentence.  (ECF No. 1 at 1-2.)  In an attached letter, petitioner appears to allege excessive force on November 13, 2013, resulting in "a broken nose and multiple injuries to the head and face."  (Id. at 8-9.)

---

[1] See Pierce v. Sacramento Bee, No. 2:16-cv-0260 JAM CKD P, Order dated Feb. 29, 2016 (denying plaintiff's request to proceed in forma pauperis, affirmed on reconsideration by district court on March 30, 2016).

1

1     A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir.1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Here, as petitioner's claims do not relate to the duration of his confinement, they are not properly brought within this federal habeas action.

    Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition should be summarily dismissed pursuant to Rule 4.[2]

    Accordingly, IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this

////
////
////
////

---

[2] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983. Petitioner is advised that the statutory filing fee for such an action is $400.00. 28 U.S.C. §§ 1914(a), 1915(b)(1).

1 case.  Petitioner is advised that failure to file objections within the specified time may waive the
2 right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  September 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / pier1790.R4_fr